## WILLARD VANTUYLE v. AMOS D. PRATT AND BYRON H. PRATT.

*Bills and notes—Failure of consideration—Evidence.*

1. The main question in this case is whether the consideration of the notes sued upon were the services of a stallion owned by the payee, and the privilege of returning the mares for reservice the following year if they proved not to be with foal, or the begetting of a colt for each note. And it is held that, taken in connection with the fact that one of the mares foaled, and that thereupon one of the notes was paid, and that no demand was made for the payment of the remaining notes, although nearly a year elapsed after their maturity and before the death of the payee, there was sufficient testimony in support of the latter theory to go to the jury, and that the question was properly submitted.

2. A circular advertising the stallion, and stating that he would make the season of the year in which the notes were given at a certain price the season, and that mares not proving in foal might be returned free the following year, was properly excluded as evidence in behalf of the plaintiff, it not being shown that any copies of the circular were published, posted, or distributed, or that it, or any copy thereof, had ever been brought to the attention of the defendants.

Error to Lenawee. (Lane, J.) Argued April 6, 1894. Decided June 16, 1894.

*Assumpsit.* Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*James W. Wightman* (*A. F. Freeman* and *Wood & Bird*, of counsel), for appellant.

*Watts, Bean & Smith,* for defendants.

McGRATH, C. J. This suit was brought upon three promissory notes, for $20 each, executed by defendants to Frank L. Silvers, two of which were payable 10 months after date, and one 3 months after date. Silvers died February 18, 1889, and the notes came into plaintiff's hands thereafter. Silvers was the owner of a stallion, and defendants were the owners of three mares, which were served on or about the date of the notes.[1] One of the mares foaled in 1888, and one of the notes was shown to have been paid. Two of the mares were again served in 1888, but neither foaled. The administrator sold the stallion before the season opened in 1889. The sole controversy was as to the consideration of the notes. Plaintiff contended that the service and the privilege given to return the mares was the consideration, and defendants insisted that the consideration for each note was the begetting of a colt.

We think that there was sufficient testimony—taken in connection with the fact that one of the mares foaled, and that thereupon one of the notes was paid, and that no demand appears to have been made for the payment of the other notes, although nearly a year elapsed after their maturity and before the death of Silvers—in support of defendants' theory to go to the jury, and that the question was properly submitted.

Plaintiff offered in evidence what is termed in the record a "blue paper," which gives the pedigree of the stallion, and sets forth that the stallion "will make the season of 1887 at Tecumseh, Michigan. Terms, $20 the season.

---

[1] The notes were dated April 27, 28, and 29, 1887.

Mares not proving in foal may be returned free in 1888. For full particulars, address Frank L. Silvers, Tecumseh, Mich." The exclusion of the paper is alleged as error. It was not shown that any copies of such paper were published, posted, or distributed, or that the paper offered, or any copy thereof, had ever been brought to the attention of defendants.

Plaintiff offered in evidence an entry in a certain book which had been kept by Silvers, which was rejected. The entry appears in the record, but throws no light on the question upon which the case turns.

We find no error in the record, and the judgment is affirmed.

The other Justices concurred.

